IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TARIQ MAHDI**                                                                                       **PLAINTIFF**

v.                                            No: 4:18-cv-00823 KGB-PSH

**CLARK,** *et al.*                                                                                   **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Tariq Mahdi, an inmate at the Pulaski County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 5, 2018 (Doc. No. 2). Because Mahdi's original complaint did not allege enough facts to determine if he had stated a claim for relief, the Court ordered Mahdi to file an amended complaint describing how each defendant was personally involved in the alleged violation of his constitutional rights. *See* Doc. No. 3. Mahdi subsequently filed two amended complaints. *See* Doc. Nos. 4 & 5.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). Although a *pro se* complaint is construed liberally, it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

Having liberally construed Mahdi's complaint and amended complaints, the Court finds Mahdi fails to allege sufficient facts to state a claim upon which relief may be granted, as explained below, and recommends that Mahdi's complaints be dismissed without prejudice.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Mahdi claims that defendant Deputy Vicki Clark failed to protect him from an attack by another inmate, and that defendants Lieutenant Sheppard and Sergeant Bilbruck moved Mahdi to the same unit as the

inmate after the attack.[1]  The Court construes Mahdi's complaints as describing an Eighth Amendment failure-to-protect claim.

An inmate has a constitutional right to be free from attacks by other inmates.  *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994).  To succeed on a failure-to-protect claim, Mahdi must show that there was a substantial risk of harm to him and that defendants were deliberately indifferent to that risk.  A correctional officer is liable for failing to protect an inmate if the inmate can make the following two-part showing:

> A correctional official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).  "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000).  To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . .

*Jones v. Wallace*, 641 Fed. Appx. 665, 666 (8th Cir. 2016).

Mahdi implies that Deputy Clark should have been aware of the risk that inmate Sandy Sanders would attack Mahdi by throwing his food tray at him.  Specifically, Mahdi alleges: ". . . Deputy V. Clark observed Sandy Sanders walking around me, taunting me with malice in his eyes intending to intimidate me as in stalking me for food, and if not to commit bodily harm because their [sic] was no food left on his food tray." Doc. No. 5 at 3.  The facts described by Mahdi are insufficient to state a failure-to-protect claim.  He does not allege any fact that would indicate Clark was aware of facts from which he could infer that Sanders would throw his food tray at Mahdi.  Walking around in an aggressive manner with malice in one's eyes, without more, is not

---

[1] The Clerk of Court is directed to remove the Doe defendants from the style of the case; Mahdi does not name Doe defendants in his latest amended complaint.  *See* Doc. No. 5.

sufficient warning that another inmate faces a substantial risk of serious harm. Mahdi's claims against Clark should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Mahdi's claims against defendants Shepard and Bilbruck are also subject to dismissal. Although Mahdi and Sanders should have been separated after Sanders attacked Mahdi with a food tray, the movement of Mahdi into the same unit as Sanders resulted in no injury to Mahdi. Mahdi alleges that Sanders threatened him but after Mahdi filed a grievance, he was moved into a different unit than Sanders. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)); 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages). *See also Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (holding that jailers may have been deliberately indifferent in failing to prevent an attack by a fellow detainee who slammed plaintiff into a wall, but the alleged wrongdoing was not objectively harmful enough to establish a constitutional violation); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner who was not actually harmed by the allegedly inadequate security at a prison failed to state a viable claim); *Kellensworth v. Norris*, Case No. 98-3887, 2000 WL 764845 (8th Cir. Jun. 14, 2000) (holding that a prisoner failed to state a viable claim because he was not actually harmed by being housed with a prisoner he feared).

### III.   Conclusion

Because Mahdi alleges insufficient facts to support a failure-to-protect claim against defendants, Mahdi's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. Dismissal of this action should count as a "strike" within the meaning

of 28 U.S.C. § 1915(g). The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

DATED this 10th day of December, 2018.

                                                  _____
                                                 UNITED STATES MAGISTRATE JUDGE