# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TARIQ MAHDI**  **PLAINTIFF**
**ADC #097695**

v.　　　　　　　　　　　Case No. 4:18-cv-00823-KGB-PSH

**CLARK, Deputy**
**Pulaski County Jail,** *et al.*　　　　　　　　　　　**DEFENDANTS**

## ORDER

　　The Court has received Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 6). Plaintiff Tariq Mahdi filed timely objections (Dkt. No. 18). Mr. Mahdi also filed exhibits (Dkt. No. 7). On March 7, 2019, Mr. Mahdi filed a motion to update contact information and verify latest court communication (Dkt. No. 12). After careful review of the Proposed Findings and Recommendation, Mr. Mahdi's exhibits and objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendation as its findings in all respects over Mr. Mahdi's objections (Dkt. No. 6). The Court also grants Mr. Mahdi's motion to update contact information and verify latest court communication (DKt. No. 12). The Court writes separately to address Mr. Mahdi's objections (Dkt. No. 18).

　　Judge Harris recommends dismissing without prejudice Mr. Mahdi's claims for failure to state a claim upon which relief may be granted (Dkt. No. 6, at 4). Judge Harris concludes that Mr. Mahdi does not allege any fact that would indicate that defendant Pulaski County Deputy Vickie Clark was aware of facts from which she could infer that inmate Sandy Sanders would throw his food tray at Mr. Mahdi (*Id.*, at 3). Judge Harris finds that Mr. Mahdi's claims as to defendants Sergeant BilBruck and Lieutenant Sheppard also should be dismissed because, although Mr. Mahdi and Mr. Sanders should have been separated after Mr. Sanders attacked Mr. Mahdi with a

food tray, the movement of Mr. Mahdi into the same unit as Mr. Sanders resulted in no injury to Mr. Mahdi and therefore fails to state a claim upon which relief can be granted (*Id.*, at 4).

Mr. Mahdi objects to Judge Harris' Proposed Findings and Recommendation and asserts that he wants to specifically explain the factual and legal basis for such objection (Dkt. No. 8, at 1). As to defendant Deputy Clark, Mr. Mahdi asserts that she states in her incident report that she looked up and saw Mr. Sanders pick up a tray and throw it at Mr. Mahdi (*Id.*). Mr. Mahdi asserts that Deputy Clark was watching the entire unit while they were eating and returning trays to the food cart and when Mr. Sanders never returned his tray and "persisted to walk around with his tray in his hand asking for extra food from [Mr. Mahdi]" (*Id.*). According to Mr. Mahdi, Deputy Clark advised all inmates that, if they were done eating, they should put their trays away, but Mr. Sanders did not (*Id.*). Mr. Mahdi further asserts that Deputy Clark saw the incident progressing and made no attempt to stop Mr. Sanders; Mr. Mahdi argues that she did nothing to hinder or stop substantial risk of serious harm with a weapon and, therefore, that she failed to protect him, violating his Eighth Amendment rights (*Id.*). Mr. Mahdi also argues that Deputy Clark deliberately watched as Mr. Sanders hit Mr. Mahdi with the tray (*Id.*, at 3).

As to Deputy James Woods, Mr. Mahdi contends that Deputy Woods was a witness to this incident because he was being trained at the time and was alert and aware of Mr. Sanders' actions (*Id.*). Mr. Mahdi submits that Deputy Woods stopped the incident (*Id.*).

The Court notes that Judge Harris addressed Mr. Mahdi's allegations against Deputy Clark and why such allegations do not state a claim upon which relief can be granted in the Proposed Findings and Recommendation (Dkt. No. 6, at 3-4). Mr. Mahdi does not allege any facts in his objections that persuade the Court otherwise. Mr. Mahdi's allegations in his objections with respect to Deputy Woods also do not state a claim upon which relief can be granted. After careful

review of Judge Harris' Proposed Findings and Recommendation, Mr. Mahdi's objections, and a *de novo* review of the record, the Court agrees with Judge Harris that Mr. Mahdi has failed to state a claim upon which relief can be granted.

For these reasons, the Court adopts the Proposed Findings and Recommendation as this Court's findings in all respects (Dkt. No. 6). The Court grants Mr. Mahdi's motion to update contact information and verify latest court communication (Dkt. No. 12), and the Court dismisses without prejudice Mr. Mahdi's claims for failure to state a claim upon which relief can be granted (Dkt. Nos. 2, 4, 5). Dismissal of this action constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 5th day of September, 2019.

Kristine G. Baker
United States District Judge